IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,152





 

EX PARTE BRIAN THOMAS GREEN, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER F13,168 IN THE 115TH JUDICIAL 

DISTRICT COURT MARION COUNTY 





 Per Curiam.


 


O P I N I O N



 This application for a writ of habeas corpus was transmitted to this Court by the clerk
of the trial court pursuant to the provisions of Article 11.07, Section 3 of the Texas Code of
Criminal Procedure. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). On
January 28, 2004, this Court denied the instant application for a writ of habeas corpus on the
findings of the trial court without a hearing. Pursuant to this Court's own initiative, we have
decided to reconsider Applicant's grounds for relief. Tex. R. App. Proc. 79.2(d).

 On September 11, 2003, Applicant was convicted of evading arrest, a second-degree
felony offense. Applicant's sentence was assessed at imprisonment for a period of eight years
in addition to a fine in the amount of $5,000. Applicant did not perfect an appeal.

 In the instant application, among other things, Applicant contends that he was denied
his right to a meaningful appeal because his trial counsel failed to timely file a notice of
appeal. 

 The trial court found that Applicant is entitled to an out-of-time appeal. However, the
trial court determined that Applicant was not denied the opportunity to appeal his conviction
due to his trial counsel. We agree. Applicant is granted the opportunity to file an out-of-time
appeal from his conviction and sentence in cause number F13,168 from the 115th Judicial
District Court of Marion County, Texas. Applicant is ordered returned to that point in time
at which he may give a written notice of appeal so that he may then, with the aid of counsel,
obtain a meaningful appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the sentence had been imposed on the date that the
mandate of this Court issues. We hold that should Applicant desire to prosecute an appeal,
he must take affirmative steps to see that a written notice of appeal is given within thirty days
after the mandate of this Court has issued. Applicant's remaining grounds for review are
dismissed.

 


DELIVERED: April 13, 2005

DO NOT PUBLISH